**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**CVS PHARMACY, INC.,**

      **Plaintiff,**

v.                                              Case No: 6:24-cv-897-PGB-EJK

**ALBERT LABUHN,**

      **Defendant.**

**ORDER**

This cause comes before the Court on Plaintiff's Motion to Seal the Declaration of Michael H. Taday Sr. (the "Motion"), filed May 15, 2024. (Doc. 13.) For the reasons set forth below, the Motion is due to be granted.

**I.  BACKGROUND AND STANDARD**

Plaintiff, CVS Pharmacy, Inc., instituted this case against Defendant on May 10, 2024, alleging Defendant breached his non-compete agreement with Plaintiff, his former employer. (Doc. 1.) Shortly thereafter, Plaintiff filed a Motion for Preliminary Injunction. (Doc. 12.) Plaintiff now seeks to seal the Taday Declaration filed in support of the Motion for Preliminary Injunction. (Doc. 13.)

Local Rule 1.11(b) requires the following for filing a document under seal:

> [The Motion] (1) must include in the title "Motion to Seal Under [Statute, Rule, or Order]" or, if no statute, rule, or order applies, "Motion to Seal"; (2) must describe the item [proposed for sealing]; (3) must establish . . . filing the item is necessary, . . . sealing the item is necessary, and . . . using a redaction, a pseudonym, or a means other than sealing is unavailable or unsatisfactory; (4) must include a legal

> memorandum; (5) must propose a duration of the seal; (6) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (7) must certify the name, mailing address, email address, and telephone number of any non-party the movant knows or reasonably should know has an interest in establishing or maintaining the seal and the day on which, and the means by which, the movant served or otherwise delivered the motion to the non-party; and (8) must include the item, which is sealed pending an order resolving the motion.

Local Rule 1.11(b).

While the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records," *United States v. Rosenthal*, 763 F.2d 1291, 1292–93 (11th Cir. 1985), a party may overcome the public's right to access by demonstrating good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute. Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes.").

If good cause is shown, the court must balance the interest in obtaining access to the information against the interest in keeping the information confidential. *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1309 (11th Cir. 2001). Factors a court may consider are:

> [W]hether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information

>concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

## II. DISCUSSION

The Court finds that Plaintiff has complied with the requirements under Local Rule 1.11(b) for filing a motion to seal and has articulated good cause for filing the Taday Declaration under seal. Specifically, Plaintiff avers that the Taday Declaration provides highly confidential details of CVS's latest artificial intelligence and machine learning ("AI/ML") technology, which Defendant had access to and utilized during the time he worked for Plaintiff. (Doc. 13 at 1.)

Courts in this District have recognized that maintaining the privacy of confidential business information can constitute good cause for keeping documents from the public view. *See, e.g.*, *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv399-Orl-40TBS, 2017 WL 2021761, at *2–3 (M.D. Fla. May 12, 2017) (permitting sealing of proprietary financial and business information); *Patent Asset Licensing LLC, v. Bright House Networks, LLC*, No. 3:15-cv-742-J-32MCR, 2016 WL 2991057, at *2 (M.D. Fla. May 24, 2016) (permitting party to file confidential business information under seal where such documents' exposure could "violate the parties' privacy or proprietary interests"). Here, Plaintiff's use of AI/ML to improve its customers' experiences is particularly valuable to its competitors and would injure Plaintiff if made public. Therefore, the undersigned determines that the Taday Declaration may be filed under seal.

### III.   CONCLUSION

Accordingly, it is hereby **ORDERED** that Plaintiff's Motion to Seal the Declaration of Michael H. Taday Sr. (Doc. 13) is **GRANTED**. **On or before May 28, 2024**, Plaintiff is **DIRECTED** to file the Taday Declaration (Doc. 13-1) under seal, as a separate docket entry, through CM/ECF. The seal shall remain in place until resolution of this matter, including any appeals.

**DONE** and **ORDERED** in Orlando, Florida on May 24, 2024.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE